UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

KENNETH CAMP, et al.,            }
                                 }
    Plaintiffs,              }
                                 }
v.                               }     Case No.:  2:10-cv-01270-MHH
                                 }
THE CITY OF PELHAM,              }
                                 }
    Defendant.               }

## MEMORANDUM OPINION

This class action has two components: a Fair Labor Standards Act opt-in class concerning overtime compensation and a Rule 23 class relating to vacation and sick leave and compensation for holiday time. Fourteen firefighters and the defendant, the City of Pelham, have agreed to settle the firefighters' FLSA claims, and the City and the firefighters have submitted the proposed settlement to the Court for approval. (Docs. 118, 131-1, 131-2, 131-3). For the reasons stated below, the Court approves the FLSA settlement because it is a fair and reasonable compromise of a bona fide dispute.

**I.     BACKGROUND**

The FLSA plaintiffs contend that for many years, the City did not compensate them properly for overtime. Rather than paying the firefighters time and a half for every hour of overtime worked, the City opted, per 29 U.S.C.

§207(o)(2)(A)(ii), to provide compensatory time rather than compensatory pay. (Doc. 1, ¶9). The firefighters allege that the City improperly restricted their use of the comp time that the City supplied. For example, the City purportedly "scheduled its firefighters in such a manner that they have accumulated more compensatory time than the City can realistically and in good faith expect to grant within a reasonable period in violation of 29 C.F.R. §553.25(b)." (Doc. 1, ¶ 13). The City denies these allegations. (Doc. 5, p. 3).

With the assistance of Chief Magistrate Judge John Ott, the FLSA plaintiffs and the City negotiated a settlement of the firefighters' FLSA claims. (Doc. 118, ¶ 3). The City has agreed to pay the 14 FLSA plaintiffs $55,000 in damages. (Doc. 118, ¶ 3). The City also has agreed to pay $115,000 for legal fees and expenses.[1] (Doc. 118, ¶ 3). The parties negotiated attorneys' fees separately from overtime compensation. (Doc. 118, ¶ 6).

The named plaintiffs and the City represent that the settlement will compensate the FLSA plaintiffs fully in that they will receive one-hundred percent (100%) of the wages owed under the FLSA. (Doc. 118, ¶ 7). The named plaintiffs participated in settlement discussions, and they have consented to the terms of the agreement. (Doc. 118, ¶ 8). The City denies the firefighters' FLSA allegations,

---

[1] During a February 21, 2014 pretrial conference, counsel for the firefighters represented that this amount represents 40% of the total amount of time that counsel have invested in the case. Plaintiffs' counsel also explained that fees account for $100,000 of the total amount, with expenses comprising the remaining $15,000.

2

but it has agreed to settle the FLSA claim to bring an end to the FLSA portion of this class action. The Pelham City Council has approved the terms of the FLSA settlement. (Doc. 118, ¶ 4).

On this record, the Court considers the parties' motion to approve the proposed settlement of the FLSA plaintiffs' claims.

## II.     DISCUSSION

"Congress enacted the FLSA in 1938 with the goal of 'protect[ing] all covered workers from substandard wages and oppressive working hours.' Among other requirements, the FLSA obligates employers to compensate employees for hours in excess of 40 per week at a rate of 1 ½ times the employees' regular wages." *Christopher v. SmithKline Beecham Corp.*, 132 S. Ct. 2156, 2162 (2012) (quoting *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739 (1981)); *see also* 29 U.S.C. §§ 202, 207(a). Congress designed the FLSA "to ensure that *each* employee covered by the Act would receive '[a] fair day's pay for a fair day's work' and would be protected from 'the evil of 'overwork' as well as 'underpay.'" *Barrentine*, 450 U.S. at 739 (emphasis in original). In doing so, Congress sought to protect, "the public's independent interest in assuring that employees' wages are fair and thus do not endanger 'the national health and well-being.'" *Stalnaker v. Novar Corp.*, 293 F. Supp. 2d 1260, 1264 (M.D. Ala. 2003) (quoting *Brooklyn Sav. Bank v. O'Neil,* 324 U.S. 697, 706 (1945)).

If an employee proves that his employer violated the FLSA, the employer must remit to the employee all unpaid wages or compensation, liquidated damages in an amount equal to the unpaid wages, a reasonable attorney's fee, and costs. 29 U.S.C. § 216(b). "FLSA provisions are mandatory; the 'provisions are not subject to negotiation or bargaining between employer and employee.'" *Silva v. Miller*, 307 Fed. Appx. 349, 351 (11th Cir. 2009) (quoting *Lynn's Food Stores, Inc. v. U.S. ex. Rel. U.S. Dep't of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982)); *see also Brooklyn Sav. Bank v. O'Neil,* 324 U.S. 697, 707 (1945). "Any amount due that is not in dispute must be paid unequivocally; employers may not extract valuable concessions in return for payment that is indisputedly owed under the FLSA." *Hogan v. Allstate Beverage Co., Inc.*, 821 F. Supp. 2d 1274, 1282 (M.D. Ala. 2011).

Consequently, parties may settle an FLSA claim for unpaid wages only if there is a bona fide dispute relating to a material issue concerning the claim. To compromise a claim for unpaid wages, the parties must "present to the district court a proposed settlement, [and] the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc. v. U.S. ex. Rel. U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982).[2] "[T]he

---

[2] In *Lynn's Food*, the Eleventh Circuit Court of Appeals explained, "[t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to

4

parties requesting review of an FLSA compromise must provide enough information for the court to examine the bona fides of the dispute." *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010). "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute," then a court may approve a settlement. *Lynn's Food*, 679 F.2d at 1354; *see also Silva*, 307 Fed. Appx. at 351 (proposed settlement must be fair and reasonable).

Based on the Court's review of the proposed settlement agreement and the information that the parties submitted regarding the nature of their dispute and the terms of the proffered settlement, the Court finds that there is a bona fide dispute in this matter that supports the proposed settlement. The settlement proceeds

---

employees of unpaid wages owed to them. An employee who accepts such a payment supervised by the Secretary thereby waives his right to bring suit for both the unpaid wages and for liquidated damages, provided the employer pays in full the back wages. The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." 679 F.2d at 1352-53 (footnotes omitted). The Eleventh Circuit recently reiterated the import of *Lynn's Food*. *See Nall v. Mal–Motels, Inc.*, 723 F.3d 1304 (11th Cir. 2013).

represent a fair and reasonable compromise based on the existing evidence regarding unpaid overtime compensation.

## III. CONCLUSION

For the reasons stated above, the Court approves the proposed FLSA settlement. The Court concludes that there is a bona fide dispute regarding the plaintiffs' FLSA claims, and the terms that the parties have negotiated constitute a fair and reasonable resolution of that dispute. The Court will enter a separate order dismissing the fourteen firefighters' FLSA claims with prejudice. The FLSA settlement does not affect the firefighters' claims regarding breach of the Pelham Civil Service Law.

**DONE** and **ORDERED** this 28th day of February, 2014.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE