UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **KENNETH CAMP, et al.,** | } |
| Plaintiffs, | } |
| v. | } Case No.: 2:10-cv-01270-MHH |
| **THE CITY OF PELHAM,** | } |
| Defendant. | } |

# MEMORANDUM OPINION

This class action pertains to the manner in which the City of Pelham provided certain compensation and benefits to its firefighters. The action has two components: a Fair Labor Standards Act opt-in class concerning overtime compensation and a Rule 23 class related to vacation and sick leave and compensation for holiday time. The named firefighter plaintiffs and the City of Pelham have agreed to settle the firefighters' claims regarding holiday pay. For the reasons explained below, the Court approves the proposed holiday time settlement because the settlement is fair, adequate, and reasonable.

## BACKGROUND

### I.     Procedural History

Plaintiffs Kenneth Camp, Michael Todd McCarver, Patrick Smith, Stephen Kiel, and Randal Bearden filed this lawsuit on May 17, 2010 on behalf of

themselves and similarly situated firefighters who worked for the City of Pelham. (Doc. 1). The plaintiffs asserted FLSA and breach of contract claims against the City. Among other allegations, the plaintiffs alleged that the City did not award holiday time in the manner required by the Pelham Civil Service Law. The City denied the plaintiffs' claim. The City maintains that it did not breach the Pelham Civil Service Law. (Doc. 5).

Early in this litigation, the City filed a motion for partial summary judgment (Doc. 29), urging the Court to enter judgment as a matter of law in the City's favor on the plaintiffs' FLSA claims and their and breach of contract claims related to vacation and sick leave. While that motion was pending, the Court conditionally certified the FLSA portion of this lawsuit as a collective action and certified the breach of contract claims for class treatment under Federal Rule of Civil Procedure 23. (Doc. 64). After approving a revised Rule 23 class notice, the Court directed the parties to distribute that notice and the FLSA opt-in notice before March 29, 2013. (Doc. 75). The Court then held a hearing on the City's motion for partial summary judgment. (April 18, 2013 minute entry). While waiting for a ruling from the Court, the parties notified the Court that they wished to mediate this matter. (Doc. 87). The Court stayed all remaining deadlines pending mediation. (Doc. 88).

In August 2013, the parties mediated unsuccessfully before a private mediator. (December 13, 2013 hearing transcript). Subsequently, the parties mediated with Chief Magistrate Judge John Ott on October 10, 2013, November 15, 2013, and November 27, 2013. Through the mediation, the parties were able to resolve the opt-in FLSA claims and the Rule 23 breach of contract claim pertaining to holiday time. The court approved the FLSA settlement on February 28, 2014, and dismissed the FLSA claim. (Docs. 133, 134). On March 10, 2014, pursuant to Federal Rule of Civil Procedure 23, the parties asked the Court to approve the holiday time settlement.

## II.  Holiday Time Settlement Agreement

On March 10, 2014, the named plaintiffs and the City executed a stipulation agreeing to settle the plaintiffs' class action holiday pay claims. (Doc. 139-1). The agreement resolves the class members' claim that the City did not properly award holiday time under the Pelham Civil Service Law. (Doc. 139-1, p. 5, ¶ h). The settlement class, agreed upon by the parties and certified by the Court, consists of "any employee who was or has been employed by the Pelham Fire Department as a shift employee between December 2, 2003 and the present and who was or has been employed for at least twelve months." (Docs. 27-1, 51, 64). The class period is from December 2, 2003 through October 30, 2009 for those class members who

signed a tolling agreement (Doc. 22-1; Doc. 139-1, pp.4-5), and May 17, 2004 through October 30, 2009 for all other class members. (Doc. 139-1, p. 5).

The parties agreed that if the Court approves the class holiday time settlement, then the City will pay $30,000.00 to resolve the holiday pay claims. (Doc. 139-1, p. 10, ¶ 18). Of this amount, $26,250.00 is allocated to payment of the claims of class members, and $3,750.00 is allocated for payment of the named class representatives' incentive awards. (Doc. 139-1, p. 10, ¶ 18). Class counsel will provide to the City a list of class members and payments. Each class member's share of the $26,250.00 settlement payment will be determined proportionally based upon the damages calculations provided by the City's expert, Kelly Todd. (*See* Doc. 138-1, pp. 36-39). The five named class representatives will each receive an incentive award of $750.00. (Doc. 139-1, p. 10, ¶ 19). In exchange for these payments, the plaintiffs have agreed to ask the Court to dismiss their holiday pay claims with prejudice. (Doc. 139-1, p. 11, ¶ a). The City will have no further liability arising out of or related to holiday pay claims that the named plaintiffs alleged or could have alleged in their complaint. (Doc. 139-1, p. 12, ¶ 21). Under the terms of the settlement, plaintiffs' class counsel is not seeking fees or expenses related to the holiday pay claims. (Doc. 143-1, p. 4, ¶ 11).

On March 24, 2014, the Court entered an order granting preliminary approval of the settlement agreement, authorizing distribution of the settlement notice, and setting a final fairness hearing. (Doc. 144).

On April 29, 2014, the Court conducted a fairness hearing.[1] Counsel for the plaintiffs and the City both represented to the Court that they believe the holiday pay settlement is fair, adequate, and reasonable. Plaintiffs' counsel explained that he and the City's counsel participated in a weekend-long telephone mediation with Judge Ott regarding the holiday pay claims. No class member appeared at the fairness hearing to object to the settlement. Named plaintiff Kenneth Camp personally attended the hearing as a representative of the class in support of the settlement.

On this record, the Court considers the parties' request to approve the settlement of the Rule 23 class members' holiday time claims.

**DISCUSSION**

**I.   The Settlement is Fair, Adequate, and Reasonable.**

Federal Rule of Civil Procedure 23(e) requires court approval for any class action settlement. *See* Fed. R. Civ. P. 23(e) ("The claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval."). "If the proposal would bind class members, the court may

---

[1] A court reporter was present. A transcript is available upon request.

approve it only after a hearing and on finding that it is fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2); *see also Day v. Persels & Assocs., LLC*, 729 F. 3d 1309, 1326 (11th Cir. 2013) (Before approving a class action settlement agreement, a court must satisfy itself that the settlement is "'fair, adequate, reasonable, and not the product of collusion.'") (quoting *Leverso v. SouthTrust Bank of Ala., Nat'l Ass'n*, 18 F.3d 1527, 1530 (11th Cir. 1994)).

"Determining the fairness of the settlement is left to the sound discretion of the trial court." *Bennett v. Behring Corp.*, 737 F.2d 982, 986 (11th Cir. 1984) (internal citations omitted). "Settlement is generally favored because it conserves scare judicial resources." *In re Smith*, 926 F.2d 1027, 1029 (11th Cir. 1991) (citing *Cotton v. Hinton*, 559 F.2d 1326, 1330 (5th Cir. 1977)). Nevertheless, "'[t]he judge must guard against the temptation to become an advocate . . . . In reviewing the settlement the judge is called upon to be impartial and neutral, favoring neither the proponents of the settlement nor those who are opposed or absent.'" *Id.* (quoting Moore's Federal Practice, Manual for Complex Litigation 2d § 23.14 at 160 (1986)).

The Eleventh Circuit has identified six factors that a court should consider when determining whether a class action settlement is fair, adequate, and reasonable:

> (1) the likelihood of success at trial; (2) the range of possible recovery; (3) the point on or below the range of possible recovery at

which a settlement is fair, adequate and reasonable; (4) the complexity, expense and duration of litigation; (5) the substance and amount of opposition to the settlement; and (6) the stage of proceedings at which the settlement was achieved.

*Id.* (internal quotations and citation omitted). Applying the fairness factors to the parties' proposed settlement, the Court concludes that the settlement is fair, adequate, and reasonable.

### 1. Likelihood of Success at Trial

When the parties agreed to the terms of the settlement, there was no guarantee that the plaintiffs would prevail at trial on their holiday pay claims. Although the Court granted summary judgment in the plaintiffs' favor and found that the City violated the Pelham Civil Service Law by failing to properly allocate vacation and sick time, neither party moved for summary judgment on the holiday pay claim. Counsel for the parties agreed that presenting the holiday time claim to a jury would have been cumbersome due to the amount of documentary evidence both sides would have to introduce. (April 29 hearing transcript). The City's counsel added that some of the holiday time evidence may have confused jurors because the City paid some class members more holiday pay and other class members less holiday pay. (*Id.*). These logistical challenges make it difficult for the Court to predict the plaintiffs' likelihood of success on their holiday time claim.

## 2. Range of Possible Recovery and the Point on or Below the Range of Recovery at Which a Settlement if Fair, Adequate, and Reasonable

These two range of recovery factors are "easily combined and normally considered in concert." *Cifuentes v. Regions Bank*, 2014 WL 1153772, at *5 (S.D. Fla. Mar. 20, 2014). "In considering the question of possible recovery, the focus is on the possible recovery at trial." *Lipuma v. Am. Express Co.*, 406 F. Supp. 2d 1298, 1323 (S. D. Fla. 2005) (internal citation omitted). The range of possible recovery in this action is anywhere from $0 (had a jury found in favor of the City) to $35,000.00 (had a jury applied the formula most favorable to the class). During the fairness hearing, counsel explained that applying the 8-hour rate, the plaintiffs' maximum recovery would be $35,000.00, and applying the 24-hour rate, the plaintiffs' recovery would be $25,000.00. The parties split the difference between the two potential results. The Court finds that the $30,000.00 settlement is a reasonable compromise. These settlement proceeds provide a significant benefit to the class members, who would recover nothing if they did not prevail at trail.

## 3. The Complexity, Expense, and Duration of Litigation

In its entirety, this action was extremely complex with a Rule 23 class regarding breach of contract claims and a FLSA collective action related to the parties' wage an hour disputes. The parties have settled or stipulated to various components of the case while the Court has made substantive rulings on the

plaintiffs' motion for partial summary judgment. The plaintiffs filed this action four years ago. The Court does not know how many hours the attorneys have invested in this litigation; however, based upon the amount of briefing, and the time the parties and their lawyers have spent in mediation and before the undersigned for various proceedings, the Court concludes the parties and their counsel have logged a significant number of hours prosecuting and defending this action. Had the parties tried the holiday pay claims, both sides would have incurred additional significant expense at a time when the remaining claims had been resolved by the Court or other settlement.

### 4. The Substance and Amount of Opposition to the Settlement

"In determining whether a proposed settlement is fair, reasonable, and adequate, the reaction of the class is an important factor." *Lipuma*, 406 F. Supp. 2d at 1324 (internal citation omitted). No class member filed a written objection or appeared at the fairness hearing to object to the terms of the settlement. The lack of objections "points to the reasonableness of [the] proposed settlement and supports its approval." *Id.*

### 5. The Stage of Proceedings at Which Settlement was Achieved

"The stage of the proceedings at which a settlement is achieved is evaluated to ensure that Plaintiffs had access to sufficient information to adequately evaluate the merits of the case and weigh the benefits of settlement against further

9

litigation." *Lipuma*, 406 F. Supp. 2d at 1324 (citing *Behrens v. Wometco Enters., Inc.,* 118 F.R.D. 534, 544 (S.D. Fla. 1988)).  When the parties agreed to settle this case, they had completed all discovery, and the City's expert had provided calculations regarding the amount of holiday pay to which the firefighters are entitled.  Plaintiffs' counsel informed the Court during the fairness hearing that the plaintiffs focused their expert resources on their claims regarding vacation and sick pay.  The Court has reviewed the figures the City provided through its expert and concludes that the plaintiffs had sufficient information to properly evaluate the merits of the holiday pay claims and to adequately weigh benefits of this settlement against the prospect of continued litigation.

## II.    The Holiday Time Settlement is Not the Product of Collusion.

"There is a presumption of good faith in the negotiation process." *Saccoccio v. JP Morgan Chase Bank, N.A.*, 2014 WL 808653, at *6, --- F.R.D. ---- (S.D. Fla. Feb. 28, 2014) (citing *Hemphill v. San Diego Ass'n of Realtors, Inc.*, 225 F.R.D. 616, 621 (S.D. Ca. 2004)). "Where the parties have negotiated at arm's length, the Court should find that the settlement is not the product of collusion." *Id.* (citing *Ass'n for Disabled Ams., Inc. v. Amoco Oil Co.,* 211 F.R.D. 457, 470 (S.D. Fla. 2002)).

Having observed this litigation for many months and having familiarized itself with the record prior to presiding over the action, the Court finds that the

settlement is not the product of collusion. The parties mediated with a private mediator on August 19, 2013. The parties then participated in three separate mediations on October 10, 2013,[2] November 15, 2013, and November 27, 2013 with Judge Ott. (Doc. 139-1, p. 3). The parties continued to mediate with Judge Ott through many telephone conferences before reaching a proposed settlement on February 27, 2014. (Doc. 139-1, p. 3). The Court is aware of the countless hours Judge Ott invested in preparing for these mediations and the time he spent with the parties. Additionally, the parties have litigated this action intensively, having filed and briefed various class certification and dispositive motions. Therefore, the Court is convinced that the negotiations between the parties proceeded at arms' length, and no fraud or other improper conduct was involved in reaching the proposed settlement.

Because the settlement is fair, adequate, and reasonable, and is not the product of collusion between the parties, the Court will approve the settlement.

## III. Adequacy of Notice

"[R]ule 23(e) requires that absent class members be informed when the lawsuit is in the process of being voluntarily dismissed or compromised." *Juris v. Inamed Corp.*, 685 F.3d 1294, 1317 (11th Cir. 2012). The notice should be "reasonably calculated, under all the circumstances, to apprise interested parties of

---

[2] The October 10, 2013 mediation with Judge Ott began at 9:00 a.m. and continued until 2:00 a.m. on October 11, 2013.

the pendency of the action and afford them an opportunity to present their objections." *Phillips Petroleum Co. v. Shutts,* 472 U.S. 797, 811–812 (1985). The Court's order preliminarily approving the settlement directed the parties to provide notice to all class members at their last known address. (Doc. 144, ¶ 3). The Court finds that the notice previously approved for distribution to the class members contains sufficient information to satisfy the requirements of Federal Rule of Civil Procedure 23(e)(3). (*See* Doc. 143-1; Doc. 144). The notice contains clear and concise information about the settlement, including: (a) the fact of the settlement of the holiday pay claims; (b) a definition of the class; (c) a summary of the settlement benefits; (d) a brief description of the case; (e) a statement that plaintiffs' counsel is waiving fees and costs associated with the holiday pay claims; (g) the options available to the class members, including their right to obtain independent counsel at their expense; (h) the deadlines by which the class members needed to object, (i) and the date, time, and location for the fairness hearing. The parties mailed the notice to the individual members, and class members had one month to submit objections to the settlement. Under these circumstances, the Court finds that the notice fairly apprised the class members of the proposed settlement terms and of the options available to them.

## IV. Incentive Award

Under the terms of the settlement, the parties propose that each of the five class representatives receive an incentive award of $750.00 for his participation in this action. The parties state that these incentive awards are based on the class representatives' (1) serving as named plaintiffs; (2) answering extensive discovery; (3) giving their depositions; (4) attending mediation; and (5) assisting class counsel with the investigation, prosecution, and settlement of this case. The Court is aware of the class representatives' involvement in this action and finds that the agreed upon incentive award is appropriate.

Although "the Eleventh Circuit has not expressly set forth guidelines for courts to use in determining incentive awards, there is ample precedent for awarding incentive compensation to class representatives at the conclusion of a successful class action." *Allapattah Servs., Inc. v. Exxon Corp.*, 454 F. Supp. 2d 1185, 1218 (S.D. Fla. 2006). "'Courts routinely approve incentive awards to compensate named plaintiffs for the services they provided and the risks they incurred during the course of the class action litigation.'" *Ingram v. Coca-Cola Co.*, 200 F.R.D. 685, 694 (N.D. Ga. 2001) (quoting *In Re S. Ohio Corr. Facility*, 175 F.R.D. 270, 272 (S.D. Ohio 1997)). "Incentive awards serve an important function, particularly where the named plaintiffs participated actively in the litigation." *Allapattah*, 454 F. Supp. 2d at 1218 (internal citation omitted).

13

The proposed incentive award of $3,7500.00 (or $750.00 to each named plaintiff) is fair and reasonable under the circumstances. The named plaintiffs initiated this lawsuit and have served as class representatives for nearly four years. They provided deposition testimony and answered written discovery. They personally attended extended mediation sessions and various court proceedings. Accordingly, the Court approves the incentive award.

**CONCLUSION**

For the reasons outlined above, the Court approves the holiday pay settlement, including the named plaintiffs' incentive award, as fair, reasonable, and adequate. The Court finds the settlement is not the product of collusion and that the notice of the settlement to class members was adequate under Federal Rule of Civil Procedure 23.

The Court will enter an order consistent with this memorandum opinion dismissing the class members' holiday pay claims with prejudice.

**DONE** and **ORDERED** this 1st day of May, 2014.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE